## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6821 | **DATE** | December 13, 2007 |
| **CASE TITLE** | Demetrius H. Nichols (#N-61355) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable civil rights claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Hill Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**          Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he has been wrongfully convicted and incarcerated.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $6.73 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be **(CONTINUED)**

mjm

**STATEMENT (continued)**

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable civil rights claim as a matter of law.

The plaintiff cannot challenge his conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. In this case, a finding that the plaintiff has been wrongfully convicted and incarcerated and entitled to damages would necessarily call into question the validity of his underlying conviction.

To the extent that the plaintiff seeks "immediate release from the Illinois Department of Corrections," he is advised that the court cannot, in the context of a civil action, either assess the legality of the plaintiff's conviction or determine his entitlement to an immediate or more speedy release from incarceration. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). "If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy." *Glaus v. Anderson*, 408 F.3d 382 386-7 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). The plaintiff's only course in federal court to contest his confinement is a petition for a writ of habeas corpus.

The court is not permitted to "convert" the civil action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* In fact, a review of the court's docket indicates that the plaintiff has already filed a habeas corpus action; the matter is currently pending before Judge Andersen of this court. *See United States ex rel. Nichols v. Hulick*, Case No. 07 C 3498 (N.D. Ill.).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Because the court finds that this lawsuit is *Heck*- and *Preiser*-barred, the court has no occasion to reach such questions as Eleventh Amendment and judicial immunity, or whether a defense attorney could be said to have acted under color of state law.

The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

Charles P. Kocoras
U.S. District Judge