In the United States District Court
Northern District of Illinois.

Mr. Demetrius H. Nichols
N61355
　　　　　Petitioner　　　07C6821
　　v.
People of State of Illinois　　　　**FILED**
　　　Respondent,　　　DEC 2 6 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Brief 1983 U.S.C.A,
Civil Complaint,

Now comes Petitioner Mr. Demetrius H. Nichols pro-se herein and state within this petition that his Due process of Law Constitutional Deprivations within this Civil Complaint in this wrongful Conviction 1983 U.S.C. in which Relief is Requested in the amount of seven-Millions Dollars and Immediate Relief there exists a litany of substantial extenuating Circumstances that surround the Cause demonstrating that their was farce and mockery of justice United States V. Wight supra 176 F 2d at 379 in presenting a Cause without evidence violated his Due process of Law Constitutional gurantees in with Attorney John Lyke Jr, and Camille Willis whom presides within Markham Court House 16501 Kedzie Parkway, Markham IL, 60426 was part of a scheme to defraud the petitioner Rights and State of Illinois merely for purpose of furtherance within and Injustice within this Cause of Civil Complaint, It follows that the Continuances within this wrongful Conviction was an intgral part of the scheme to defraud, the petitioners Rights a Cause without evidence,

PETITIONER further STATES THAT HE HAS filed Habens Corpus within the Cause tryin to exhaust all Remedies since he has seek Relief from Illinois Appellate Court, Illinois Supreme Court, and Sixth Municipal District it is obvious from the Evidence and Record that PETITIONER has presented to the STATE COURT of Ineffective Assistance of Counsel Conflict purpose of Legitamacy keeping with the PETITIONERS Constitutional Rights too have its theory of the wrongful Conviction theory of Case with the evidence presented what amount is actually owe will be established by the evidence within this wrongful Conviction PETITIONER have cited numerous decisions in other Couers and Circuits way of Criminal procedures in other Courts and Circuits within the Illinois Appellate, of Illinois, The Illinois Supreme Court and the offer In with the STATE COURT presented the offer of two years minum, and Five years Maxium, Documents within the Records an a meetings of the mind the facts of the Cause without evidence nor photo graphic proof was designed to deceive officials into believing that Cause and alleged Criminal situation was too have occured within this wrongful Conviction PETITIONER Continue and STATE within this Civil Complaint 1983 U.S.C. Due process violation Constitutional Deprivation Demonstrating a farce and a Mockery of Justice where the evidence of facts was favorable too the PETITIONER An with Aquittal should have been granted at the STATE Matter PETITIONER Demands Relief, which would have Justice within this wrongful Conviction and therfore MOVE THIS

Petitioner continue moves this Honorable Court for Relief sought and that the persons involved whom deprived him of Due process of Law under the fifth Amendment Constitutional Deprivations within the STATE Intent to defraud united STATES, V. Bager 331, U.S. 532, 536, 67 SCt, 1394, 1396, 91 LEd, 1654 (1947) proof Required when government Relies upon evidence and proof Required when Case is based upon direct evidence and in either type of Case Reviewing Court may Reverse only upon Concluding that with proper trial could have been Compelled that guilt was NOT proved beyond Reasonable doubt nor any other since proof is required where this petitioner moves this Honorable Court for Relief sought in the amount seven millions Dollars since is wrongfully Convicted, petitioner further state Camille E. Willis and John F. Lyke Jr. knowingly Conspired within this wrongful Conviction for personal gain furtherance of an illicit scheme Intentionally and knowingly, Cromar Campany V. Nuclear Materials and Equipment Corp 543 F2d 501, 511 (3d Cir 1976) Intentionally and knowingly the petitioner was sentenced by the Court to a term a imprisonment in the Illinois Department of Corrections 20yrs. 5yes, 8yes, for the alleges offenses of Attempted Murder, Aggravated Battery, unlawful Restraint original Charge Domestic Battery, NoEvidence according too ILCS 725 112(a) alleged Injuries of the Mother of HIS childrens MS. Ebony Ester Basis for this Incarceration petition further Moves this Honorable Court for writ within the U.S. District Court 219 South Dearborn St. Chicago, Illinois 60604 and have this petitioner writ too this Honorable Court for purpose of

Petitioner continue and states Justice since continue Constitutional Deprivations of is obvious from the Evidence. Fraud united States v. Young Bros Inc cite as 728 F 2d 682 (1984) supra 624 F2d at 665 demonstrating that was a farce and mockery of Justice. united States v. Wight supra 176, F2d at 879 Camille Willis and John F. Lyke Jr, used State funds for personal gain that the persons involved deprived him of Due process of law under Fifth Amendment. Petitioner further moves this Honorable Court for writ of civil Complaint 1983 U.S.C. In writing signed and under penalty of perjury since this petitioner is confined within territorial limits of the State of Illinois too the united States District Court having Jurisdiction too grant Relief the Causes pending is a violation of his Due process of law since he is incarcerated and moves this Honorable Court for Relief and Release from the Department of Corrections. Civil Complaint 1983 U.S.C. and grant the amount of seven-millions dollars, punitive Relief, Justice and the ascertainment of Truth Demand it,

under the penalty of,
perjury true and correct,

Dec 15, 2007

Respectfully submitted,
Mr. Nicometrius H. Nichols
pro-se
N61355
600 Linwood Road,
Galesburg, Illinois
61401

before federal court will consider a state prisoners petition it must appear that petitioner has exhausted all available state remedies. 28, U.S.C.A. 2241, 2254,

MR. Demetrius H. Nichols
V. Petitioner

160 N. Lasalle,
Illinois Appellate Court, Chicago, IL
Respondent

MR. Demetrius H. Nichols
V. Petitioner

200 E. Capital Ave
Illinois Supreme Court, Springfield IL,
Respondent

MR. Demetrius H. Nichols
V. Petitioner

Cook County Circuit Court
Sixth Municipal District,
Markham, IL