IN THE UNITED STATES DISTRICT COURT MITN
Northern District of Illinois

MR. Demetrius H. Nichols
  PETITIONER

07C6821

V.

STATE of Illinois et al.
  Respondent,

RECEIVED
1-8-2008
JAN 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AMENDED Civil Complaint,
42, 1983 U.S. CA,

Now comes petitioner MR. Demetrius Nichols pro-se, herein and state that he is incarcerated within Hill Correctional Center 600 Linwood Road, Galesburg, Illinois 61401 (309) 343-4212 In with he is in custody, within the Illinois Department of Corrections, In with this civil complaint of action, was presented herein In with relief is sought, because of the wrongful conviction, Due process violations, Constitutional violations, punitive In RE: unwanted punishment, In, with this petitioner will challege the State court too present any photographic proof, In with this petitioner has proceed within an appropriate, legal basis,

(1)

PETITIONER further continue (1983 U.S.C.R) civil complaint, once the Judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion United STATES v. Bayer, 331 U.S. 532, 536, 67, S ct 1394, 1396, 91, L Ed 1654 (1947) In with the PETITIONER was sentenced and convicted, without any Evidence within the cause of his Incarceration the Formal Method of charging a person with a crime is the Information complaint or indictment this pleading must set forth each element of the crime charged and the prosecution must prove beyond a Reasonable doubt, that each element of that crime was committed people v. Cramer 1921, 298, Ill 509, 131 N.E. 657) If each element of the crime charged was not committed then no crime can be proven and no one can be proven guilty of that crime, wrongful conviction within this cause In with PETITIONER is entitled too punitive Relief for this Incarceration. By way of amount due Punitive Relief In the amount of seven million dollars, by way of a civil rights action, when a STATE prisoner or persons seeks Damages in a suit for negilence,

(2)

Petitioner further states the conviction has already been invalidated within transcripts of court documents on with twenty-years was stricken and how the courts of Markham would come to the conclusion of any sentence determination without any evidence, as this United States court cited Heck v. Humphrey 512 US, and, petitioner has further continue and challege his conviction, on with should have been brought within question without any evidence since the cause involved a domestic dispute of him allegely stabbin his childrens mother on with no hospital photograhic proof. nor any upon her body, call into question within his challege for truth and fasilty of the charges against him, citing people v. pietrzyk Ill App 1 Dist 1977 with person whom had been stabbed and beating, stating Gray testified he had received twenty to thirty blows from the defendants fists stab wounds in his back and the side of his face a cut on his forearm, The police took him to the hospital where his wounds were closed with stiches and he was required to stay for 48hours two photographs of the victim taken one week after the assault were admitted into evidence, validity, his entilement to an immediate or more speedy release from incarceration, with relief for unjust conviction, (3)

PETITIONER continue within his Civil Rights Claim and states the plaintiff Motion for leave to file in forma pauperis was granted, However the complaint of Civil action was Dismissed when it clearly stated Civil Rights Violations. In with No person shall be prison without proper trial, AND evidence presented, the formal method of chargin a person with a crime, and the court concludes that 80 APP U.S.C. 460(b)(3) is Constitutional and bars the present actions Civil Relief, Defendants have cited Numerous decisions in other districts and Circuits which have held that 460(b)(3) does preclude Judicial Review by way of Civil actions and is Constitutional Among such decisions are, Oestereich V. Selective Service System. Local Board No. 16, D.C. 280 F. Supp 78, aff 10 Cir 390 F. 2d 100 Cert grant, 391 U.S. 912 88 S.Ct 1804 Moskowitz, V. Kindt 273 F. Supp 646, (E.D. Pa 1967) Carpenter V. Hendrix, 277, F Supp 660 AND PETITIONER Continue and state United States Court version, within statement "quotes" Here even accepting the plaintiffs factual allegations as TRUE the court finds that the complaint fails to state an actionable Civil Rights Claim as a matter of Law, punitive Relief, in the amount of seven million dollars, and validity of the alleged Charges against him, In with he has been Incarcerated since December 3, 2002 wrongfully,

(4)

Petitioner further states that his conviction is without evidence and jeapordized his presumption of innocence and that they constituted a denial of his federal and state guarantees the right to a fair trial, the constitutions of the united states greatest concern is that every man coming before any trial court in any district that is accused shall be given a fair trial for this court and every other court but for the general public as well for each man has his own idea of what constitutes a fair trial and therefore justice and the ascertainment of the truth demand it, As is writing within the const, of the united states, Constitutional Law Ill 1995 legislature has power to prescribe new rules of evidence and alter existing ones, and to prescribe methods of proof without offending separation of powers clause of state constitution even though legislature cannot declare what shall be conclusive evidence First Nat, Bank of Chicago V. King 209 Ill Dec, 199, 651, N.E. 2d, 127, 165, Ill 2d 533 Rehearing, Petitioner also states deliberate and intintionally and misrepresentation, where defense was presudiced for personal gain, and where defense was presudiced for removal of counsel, conspiracy for personal gain affected outcome within this wrongful conviction, Sherman Anti-trust, Act, 15. U.S.C.A, 1, 18 U.S.C.A. 1341. (5)

PETITIONER Clayton and Sherman Antitrust, Act 1, U.S.C.A. Intent in antitrust cases, as in all cases is question to be resolved by the trier of fact consideration of all the evidence, that was a farce and a mockery of justice, United States v. Wight supra, 176 F2d at 379, petitioner has clearly provided this United States Court within this cause for civil action proper evidence since this petitioner have not presented any cause of frivolous or malicious, and have NOT filed any other civil suits in the amount of three federal causes, in with the indeed has cause seeking habeas corpus relief as well, that is pending with all evidence in favor of this petitioner, with evidence presented, upon which relief may be granted, this petitioner challege the state court, Honorable Judge Camille E. Willis, Markham Illinois sixth Municipal District, 60426 Attorney John F. Lyke JR, and prosecution whom sent and honest man to prison without any evidence to present required evidence, if not that this Honorable United States Court, Release Immediately, with Relief of seven-millions dollars in Relief for punitive, punishment unconstitutional, wrongful conviction, and that this Honorable Court Have Defendants Involved, pay the filin fee of this Civil Complaint, wherefore under penalty of perjury, true and correct, Respectfully, 

Jan 2, 2008  (6)   Mr. Demetrius H. Nichols
N61355,